1  Kym Samuel Cushing, Esq.
   Nevada Bar No. 4242
2  Douglas M. Rowan, Esq.
   Nevada Bar No. 4736
3  **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
   300 South Fourth Street, 11th Floor
4  Las Vegas, Nevada  89101
   (702) 727-1400; FAX (702) 727-1401
5  kym.cushing@wilsonelser.com
   douglas.rowan@wilsonelser.com
6  *Attorneys for Defendant Target Corporation*

7              **UNITED STATES DISTRICT COURT**

8                    **DISTRICT OF NEVADA**

9  Maria S. Martinez, individually;          CASE NO.:  2:15-cv-00353-JCM-GWF

10             Plaintiff,

11  vs.                                      **STIPULATED PROTECTIVE ORDER**

12  Target Corporation; and DOES 1 through 100; and
    ROE CORPORATIONS 101 through 200,
13
               Defendants.
14

15         IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the

16  respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit

17  ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or

18  commercial information of the parties ("Confidential Material"), the following procedures shall

19  govern:

20         1.      This Order is meant to encompass all forms of disclosure which may contain

21  Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit,

22  deposition transcript, inspection and all other tangible items (electronic media, photographs,

23  videocassettes, etc.).

24         2.      The parties may designate any Confidential Material produced or filed in this Lawsuit

25  as confidential and subject to the terms of this Order by marking such materials "Confidential."  If

26  any material has multiple pages, this designation need only be placed on the first page of such

27  material.  Any material designated as "Confidential" shall not be disclosed to any person or entity,

28  except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this

    Lawsuit.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under

such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. If a party wishes to attach Confidential Material to a non-dispositive motion or other filing (excluding dispositive motions) with the Court, then that party will notify the designating party of its intent to attach the Confidential Material to the filing in writing at least ten (10) days before filing. If the designating party believes that the release of the Confidential Material is adverse to the terms of this stipulation, then the non-designating party will bring a motion to seal the non-dispositive motion or other filing.

10. If a party wishes to attach Confidential Material to a dispositive motion, then that party will notify the designating party of its intent to attach the Confidential Material to the dispositive motion, in writing, at least ten (10) days before filing. The designating party shall then file a motion with the Court to seal the document, setting forth a compelling reason as established by the Ninth Circuit Court of Appeals in *Kamakan v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

11. If a party wishes to file any Confidential Material under seal, the party must comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit Court of Appeals' decision in *Kamakan v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

12. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

13. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information. Information that is

subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

14. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

15. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

16. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

17. Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

. . .

. . .

. . .

18. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

IT IS SO STIPULATED:

DATED this 2nd day of June, 2015.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

BY: _____
Kym Samuel Cushing, Esq.
Nevada Bar No. 004242
Douglas M. Rowan, Esq.
Nevada Bar No. 004736
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101
Attorneys for Defendant Target Corporation

DATED this 1st day of June, 2015.

**BERNSTEIN & POISSON**

BY: _____
Jessica Munoz, Esq.
Nevada Bar No. 012610
700 South Jones Boulevard
Las Vegas, NV 89107
Attorneys for Plaintiff
Maria S. Martinez

IT IS SO ORDERED.

Dated this 3rd day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

786116v.1

Page 5 of 5

Kym Samuel Cushing, Esq.
Nevada Bar No. 4242
Douglas M. Rowan, Esq.
Nevada Bar No. 4736
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101
(702) 727-1400; FAX (702) 727-1401
kym.cushing@wilsonelser.com
douglas.rowan@wilsonelser.com
*Attorneys for Defendant Target Corporation*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Maria S. Martinez, individually; | CASE NO.: 2:15-cv-00353-JCM-GWF |
| Plaintiff, | |
| vs. | **CONFIDENTIALITY AGREEMENT** |
| Target Corporation; and DOES 1 through 100; and ROE CORPORATIONS 101 through 200, | |
| Defendants. | |

**BEING DULY SWORN, I hereby attest to the following:**

1. It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered by the Court in the above-captioned action.

2. I have been given a copy of and have read the Stipulated Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such confidential information, and that I hereby agree to be bound by it.

3. I further agree that I shall not disclose such confidential information to others, except in accordance with the Stipulated Protective Order.

4. It is my understanding that if I fail to abide by the terms of the Stipulated Protective Order then I may be subject to sanctions imposed by the Court for such a failure.

. . .

786128v.1                                    Page 1 of 2

5.    I hereby consent to the jurisdiction of the Court for purposes of enforcing the Stipulated Protective Order.

Dated: _____

Signature: _____

Printed Name: _____

Subscribed and Sworn to Before Me
this ____ day of _____, 2015.

_____
Notary Public for Said County and State